IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| KELLER NORTH AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON subscribing to Policy Number CNNCN2001061; SCOR UK Company Limited,<br><br>Defendants. | Case No. 4:23-cv-56 |

**NOTICE OF REMOVAL**

Pursuant to 9 U.S.C. §§ 203 and 205 and 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Certain Insurers Subscribing to Policy No. CNNCN2001061 SCOR UK Company Limited ("SCOR"), Helvetia Swiss Insurance Company in Liechtenstein Ltd. ("Helvetia"), American International Group UK Limited ("AIG"), Aviva Insurance Limited ("Aviva"), Allianz Global Corporate & Specialty SE ("Allianz"), Aspen Insurance UK Ltd. ("Aspen"), Allied World Managing Agency Limited ("AWMA"),[1] AXIS Specialty Europe SE d/b/a Axis Specialty London ("Axis"), Great Lakes Insurance SE ("Great Lakes"), and QBE Europe ("QBE")[2] (collectively, "Insurers")[3] hereby submit this Notice of Removal, showing the Court as follows:

---

[1] Misnamed as Allied World Syndicate 2232.
[2] Misnamed as Syndicate QPS 5555.
[3] Insurers are inappropriately characterized in the Amended Complaint as "Certain Underwriters at Lloyd's of London," a designation encompassing entities with no relation to any policy of insurance. The specific insurers subscribing to Policy No. CNNCN2001061 file this Notice of Filing Notice of Removal.

## Background

1. On August 12, 2022, Plaintiff Keller North America, Inc. ("Keller") commenced a civil action with the filing of its Complaint in the Circuit Court for the City of Hampton, Virginia, styled *Keller North America, Inc. v. Certain Underwriters at Lloyd's of London subscribing to Policy Number CNNCN2001061; SCOR UK Company Limited*, Case No. CL221933.

2. Keller did not attempt service of the Complaint upon Insurers and instead filed a Motion to Amend Complaint on September 12, 2022.

3. Keller provided a copy of the Amended Complaint, the Order Granting Leave to Amend the Complaint, and a request for waiver of service to Insurers' counsel on March 30, 2023. Insurers have waived service as of April 25, 2023.

4. Upon information and belief, Keller is a corporation formed under the laws of the State Delaware, with its principal place of business in Maryland. (Compl. ¶ 1). Therefore, Keller is a citizen of Delaware and Maryland. 28 U.S.C. § 1332(C)(1).

5. SCOR is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, SCOR is a citizen of the United Kingdom.

6. Helvetia is a limited liability corporation formed under the laws of Liechtenstein with its principal place of business in Vaduz, Liechtenstein. Therefore, Helvetia is a citizen of Liechtenstein.

7. AIG is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, AIG is a citizen of the United Kingdom.

8. Aviva is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, Aviva is a citizen of the United Kingdom.

9. Allianz is a limited liability corporation formed under the laws of Germany with its principal place of business in Munich, Germany. Therefore, Allianz is a citizen of Germany.

10. Aspen is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, Aspen is a citizen of the United Kingdom.

11. AWMA is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, AWMA is a citizen of the United Kingdom..

12. Axis is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, Axis is a citizen of the United Kingdom.

13. Great Lakes is a limited liability corporation formed under the laws of Germany with its principal place of business in Munich, Germany. Therefore, Great Lakes is a citizen of Germany.

14. QBE is a limited liability corporation formed under the laws of the United Kingdom with its principal place of business in London, England. Therefore, QBE is a citizen of is a citizen of the United Kingdom.

15. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers or exhibits in the state court action are attached hereto as Exhibit **A**.

16. Insurers subscribe to builders risk insurance Policy No. CNNCN2001061, issued to "Hampton Road Connection Partners (an unincorporated joint venture comprised of its members, Dragados USA, Inc. ("Dragados"), VINCI Construction Grands Projects, Flatiron Constructors, Inc., and Dodin Campenon Bernard)" for the period of September 22, 2020, to October 31, 2025 (the "Policy"). The Policy also lists other entities, including subcontractors, as named insureds. Keller is a subcontractor on the relevant project and therefore is an insured under the Policy. A copy of the Policy is attached hereto as Exhibit **B**.

17. The Policy provides, in relevant part, builders risk coverage for the specified project up to a $350,000,000 any one claim or occurrence limit, subject to, in relevant part, a $1,000,000 deductible for "Loss due to Tunneling Works."

18. Keller submitted a claim under the Policy in connection with an incident occurring during the project construction.

19. Keller claims more than $26,000,000 in damages in connection with the incident.

### Removal under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards

20. The Policy contains an arbitration provision, stating:

> All disputes arising out of or in connection with amount to be paid under this Policy (liability being otherwise admitted) shall be settled under the International Chamber of Commerce (ICC) Arbitration Rules. The procedural law of California shall apply where the ICC Arbitration Rules are silent. The number of arbitrators shall be three (3). The seat of the arbitration shall be Virginia, USA. The language to be used in the arbitral proceedings shall be English.
>
> Nothing in the foregoing shall preclude the further legal recourses as per the existing Virginia law(s) or otherwise available to the parties at dispute in respect of either disputed settlement amounts or over claim admissibility.
>
> This condition remains valid should the Policy become void.

(Policy, p. 29).

21. Keller's lawsuit is removable to this Court under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by the United States Congress through 9 U.S.C. §§ 201–208 of the Federal Arbitration Act (the "FAA"). The Convention is an international treaty governing the recognition and enforcement of foreign arbitration agreements and arbitral awards. The strong federal policy favoring arbitration embodied by the FAA applies with special force in the field of international commerce. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985).

22. Section 203 of the FAA explicitly grants this Court original jurisdiction over any "action or proceeding falling under the Convention," regardless of the amount in controversy. 9 U.S.C. § 203. Moreover, under federal law, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal law states that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

23. As to removal of actions implicating the Convention, § 205 of the FAA provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205. This Court has recognized that removal is proper under the Convention in a case involving a dispute between a United States company and a foreign company arising out of an agreement between them containing an arbitration clause. *RoadTechs, Inc. v. MJ Highway Tech., Ltd.*, 79 F. Supp. 2d 637 (E.D. Va. 2000).

24. This removal is timely filed under the Convention, because 9 U.S.C. § 205 permits a party to remove an action that falls within the scope of the Convention "at any time before . . . trial." *Id.* at 427. Insurers file this Notice of Removal before trial, and no trial date has been set. Therefore, Insurers have complied with the requirements of 9 U.S.C. § 205.

25. To demonstrate that removal is proper under the Convention, the removing defendant must show that "(1) the arbitration clause at issue 'falls under the Convention' pursuant to § 202; and (2) the state court litigation 'relates to' the arbitration clause for the purposes of § 205." *Simmons v. Sabine River Auth. of La.*, 823 F. Supp. 2d 420, 428 (W.D. La. 2011).

26. Federal courts consider four factors in evaluating whether an arbitration agreement "falls under" the Convention. To meet its burden, a defendant seeking removal must show:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Terra Holding GmbH v. Unitrans Int'l, Inc.*, 124 F. Supp. 3d 745, 748 (E.D. Va. 2015) (citing *Aggarao v. MOL Ship Mgmt. Co., Ltd.* 675 F.3d 355, 366 (4th Cir. 2012)).

27. The arbitration provision in the Policy meets all of these factors: (1) the Policy, a written agreement, contains an agreement to arbitrate; (2) the arbitration provision provides for arbitration in the state of Virginia; (3) the Policy arises out of a relationship between Insurers and its insureds, which federal courts have held establishes a commercial relationship for purposes of removal under the Convention (*see, e.g.*, *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 520 n.5 (3d. Cir. 2009); *Best Concrete Mix Corp. v. Lloyd's of London Underwriters*, 413 F. Supp. 2d 182, 189 (E.D.N.Y. 2006)); and (4) Insurers are not American citizens.

28.     Accordingly, the Policy's arbitration provision "fall[s] under" the Convention. 9 U.S.C. §§ 202, 205.

29.     Keller's lawsuit also 'relates to' the arbitration clause for the purposes of § 205. An arbitration agreement "relates to" a suit for the purposes of removal under 9 U.S.C. § 205 "whenever [the] arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case[.] " *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840 (8th Cir. 2012); *Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133 (9th Cir. 2011).

30.     Under this standard:

> [T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of "relates to."

*Beiser*, 284 F.3d at 669. Courts also generally hold that the "relates to" standard is met when a party argues that a lawsuit is improper and that the subject dispute should be arbitrated pursuant to the Convention. *Id.* at 669-70; *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 713 (5th Cir. 2017). Even if the moving party is ultimately wrong on the merits (though that is not the case here), removal is still proper if the moving party's arguments in support of the applicability of arbitration are "not frivolous." *Beiser*, 284 F.3d at 669.

31.     The Policy's arbitration agreement plainly "relates to" Keller's lawsuit under the foregoing standards. The arbitration agreement covers disputes between the parties regarding "any amount to be paid under this Policy." (Ex. B, p. 29). Keller's lawsuit is predicated on Insurers' duties and obligations under the Policy and common law and their alleged breaches thereof. (Ex. A, ¶¶ 55-72). Further, Insurers have advised Keller of the intent to invoke arbitration. Thus,

Insurers have satisfied their burden of demonstrating that, at the very minimum, they have presented "not frivolous" arguments that the Policy's arbitration provision "could conceivably affect the outcome" of the case. Indeed, federal courts have previously affirmed removal under the FAA in far more tenuously-connected circumstances than those present here. *See Century Indem. Co.*, 584 F.3d at 555-56 (affirming arbitration award after removal of lawsuit to federal court pursuant to Convention and compelling of arbitration of a dispute regarding a retrocessional agreement that incorporated the underlying reinsurance treaties' arbitration clause providing for arbitration of "any dispute . . . with reference to the interpretation of this Agreement or [the parties'] rights with respect to any transaction involved.").

32. Because the Policy's arbitration provision "could conceivably affect the outcome" of Plaintiff's lawsuit, the arbitration provision therefore "relates to" the lawsuit for the purposes of removal under 9 U.S.C. § 205. Thus, the Policy's arbitration agreement both "fall[s] under" the Convention and "relates to" the subject matter of this proceeding, and removal is appropriate.

33. The issue of removal is a jurisdictional one, and in determining the propriety of removal to federal court under 9 U.S.C. § 205, the Court's inquiry should be confined to the factors set forth above. This initial jurisdictional inquiry is distinct from a determination as to whether the parties are bound to arbitrate or whether the claims asserted against the party seeking removal are arbitrable. *Bautista v. Star Cruises*, 396 F.3d 1289, 1301 (11th Cir. 2005).

34. Accordingly, this Court has original jurisdiction over Keller's lawsuit under the Convention, and it is properly removable to this Court under 9 U.S.C. §§ 202, 205.

### Removal based on Diversity Jurisdiction

35. Separately, as Keller is a citizen of Delaware and Maryland and Insurers are all citizens of foreign countries, complete diversity exists under 28 U.S.C. § 1332.

36. In its Complaint, Keller alleges that "[a]s of November 7, 2021, Keller had incurred $21,684,654 in indemnifiable damages for its Covered Losses." (Comp. ¶ 49). Keller also seeks consequential damages, attorneys' fees, and disbursements. (Compl. "Prayer for Relief"). Thus, Keller seeks to recover damages in an amount greater than $75,000, exclusive of interests and costs.

37. Insurers each subscribe to a percentage of the overall risk, ranging from 3.5% to 25%. Thus, each Insurer has over $75,000 at issue.

38. As a result, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.

39. There is complete diversity among the parties, and there is a sufficient amount in controversy. Therefore, federal jurisdiction exists pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a), *et seq.*

40. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as Keller provided a copy of the Amended Complaint, the Order Granting Leave to Amend the Complaint, and a request for waiver of service to Insurers' counsel on March 30, 2023, and Insurers waived service as of April 25, 2023.

41. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be served promptly upon Plaintiff's counsel, and a Notice of Filing Notice of Removal is being filed in the Circuit Court for the City of Hampton, Virginia. A true and correct copy of this Notice of Filing Notice of Removal is attached hereto as Exhibit **C**.

42. Therefore, Insurers request that this Court take jurisdiction of this matter based on diversity of the parties under 28 U.S.C. § 1332.

## Conclusion

43.    Accordingly, this Court has original jurisdiction over Keller's lawsuit under the Convention, and it is properly removable to this Court under 9 U.S.C. §§ 202, 205. Separately, this Court has jurisdiction of this matter based on diversity of the parties under 28 U.S.C. § 1332.

44.    Under 28 U.S.C. § 1446(a), venue for this removal is proper in the Eastern District of Virginia, because this is the district and division embracing the Circuit Court for the City of Hampton, Virginia, where the Complaint is pending.

45.    By filing this Notice of Removal, Insurers do not waive, either expressly or implicitly, their rights to assert any defenses, including improper joinder, improper venue, failure to state a claim, or any other defenses available under Virginia and/or federal law, that they could have asserted in the Circuit Court for the City of Hampton, Virginia. All such defenses are expressly reserved.

WHEREFORE, Insurers respectfully request that this Court take jurisdiction of this matter and award them all other legal and equitable relief to which they are entitled.

Respectfully submitted, this 28th day of April, 2023.

/s/
James H. Revere, VSB# 33757
*Counsel for Certain Insurers Subscribing to Policy No. CNNCN2001061 SCOR UK Company Limited, Helvetia Swiss Insurance Company in Liechtenstein Ltd., American International Group UK Limited, Aviva Insurance Limited, Allianz Global Corporate & Specialty SE, Aspen Insurance UK Ltd., Allied World Managing Agency Limited,[4] AXIS Specialty Europe SE d/b/a Axis Specialty London, Great Lakes Insurance SE, and QBE Europe*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
jh.revere@kpmlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| KELLER NORTH AMERICA, INC.<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON subscribing to Policy Number CNNCN2001061; SCOR UK Company Limited,<br><br>Defendants. | Case No. 4:23-cv-56 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** on the following, via electronic mail, as follows:

Tracy A. Saxe
Saxe Doernberger & Vita, PC
35 Nutmeg Drive
Trumbull, CT 00661
tsaxe@sdvlaw.com

This 28th day of April, 2023.

/s/
James H. Revere, VSB# 33757
*Counsel for Certain Insurers Subscribing to Policy No. CNNCN2001061 SCOR UK Company Limited, Helvetia Swiss Insurance Company in Liechtenstein Ltd., American International Group UK Limited, Aviva Insurance Limited, Allianz Global Corporate & Specialty SE, Aspen Insurance UK Ltd., Allied World Managing Agency Limited,[5] AXIS Specialty Europe SE d/b/a Axis Specialty London, Great Lakes Insurance SE, and QBE Europe*
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200

Richmond, Virginia 23236
(804) 320-6300
(804) 320-6312 (fax)
jh.revere@kpmlaw.com